# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

LARRY ALLEN TURNER
ADC#111074                                                                                    PETITIONER

VS.                               5:11CV00098 DPM/JTR

RAY HOBBS, Director,
Arkansas Department of Correction                                          RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new,

different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Room A149
> Little Rock, AR 72201

## I.  Background

Pending before the Court is a § 2254 Petition for a Writ of Habeas Corpus filed by Larry Allen Turner ("Petitioner").  He is collaterally attacking his capital-murder conviction in Pulaski County Circuit Court.  (Docket entry #2).  Respondent has filed

a Response (docket entry #10), to which Petitioner has filed a Reply. (Docket entry #11). Thus, the issues are joined and ready for disposition.

Before addressing Petitioner's habeas claims, the Court will review the relevant procedural history of the case in state court.

On April 21, 1997, Petitioner entered a guilty plea to capital felony murder. (Docket entry #10-1 at 1). He was sentenced to life imprisonment without the possibility of parole. *Id.* His Judgment and Commitment Order was entered on August 20, 1997. *Id.*

On December 23, 1998, he filed a Motion requesting leave of court to file a belated Rule 37 Petition. (Docket entry #2 at 3; docket entry #10 at 2). On April 22, 1999, the trial court entered an Order denying the Motion. *Id.* Thereafter, Petitioner did not appeal the denial of his Motion.

Almost twelve years later, on April 15, 2011, Petitioner initiated this federal habeas action. (Docket entry #2 at 15). In his *pro se* Petition, he argues that his trial lawyer was constitutionally ineffective for: (1) failing to "discover[] that the bench warrant [for Petitioner's arrest] had not been issued by a trial judge but [by] the deputy circuit court clerk;" (2) failing to "file a timely motion to suppress the bench warrant" because of an alleged three-month delay between his arrest and first appearance; and (3) failing to "move to suppress" the felony charges underlying the capital-felony

3

murder charge. (Docket entries #2 and #3). Respondent argues that the Petition should be dismissed as untimely. (Docket entry #10).

For the reasons discussed below, the Court concludes that Petitioner's claims are barred by the applicable one-year statute of limitations. Thus, the Court recommends that the Petition be denied, and that the case be dismissed, with prejudice.

## II.  Discussion

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), provides that a federal habeas petition must be filed within one year of the date on which the state "judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The running of the statute of limitations, for purposes of § 2244(d)(1)(A), "is triggered . . . by the conclusion of all direct criminal appeals in the state system . . . ." *Smith v. Bowersox*, 159 F.3d 345, 348 (8th Cir.1998), *cert. denied*, 525 U.S. 1187 (1999).

AEDPA goes on to provide that the one-year limitations period is tolled while a "properly filed" application for post-conviction relief is pending in state court. *See* 28 U.S.C. § 2244(d)(2). The statutory tolling period begins when a petition for post-conviction relief is filed in the trial court and runs, in one continuous block of time, until the highest state appellate court enters a decision on appeal. *See Carey v.*

*Saffold*, 536 U.S. 214, 219-221 (2002).

Petitioner had no right to appeal his unconditional guilty plea. *See* Ark. R. App.— Crim. 1(a); Ark. R. Crim. P. 24.3. Therefore, his conviction was "final" on August 20, 1997, the date the trial court entered the Judgment and Commitment Order.[1] The next day, on August 21, 1997, the statute of limitations was triggered. One year later, on August 21, 1998, the statute of limitations expired.

Statutory tolling is not applicable in this case because Petitioner did not file a timely Rule 37 Petition.[2] An untimely post-conviction claim that cannot be

---

[1] The August 20, 1997 Judgment and Commitment Order bears a handwritten notation that states: "Amended to include offense date." (Docket entry #3 at 7, docket entry #10-1 at 1). Presumably, the "Amended" August 20, 1997 Judgment and Commitment Order was preceded by an earlier Judgment and Commitment Order that lacked an "offense date." The parties do not shed any light on this discrepancy. In any event, running the limitations period relative to the "Amended" August 20, 1997 Judgment and Commitment Order works in Petitioner's favor.

[2] The Judgment was entered on August 20, 1997. Petitioner had ninety days, until November 18, 1997, to file a timely Rule 37 Petition. *See* Ark. R. Crim. P. 37.2 (requiring a Rule 37 petition to be filed with ninety days of the entry of judgment upon a guilty plea). The Arkansas Supreme Court has repeatedly held that the time limitations in Rule 37 are jurisdictional. *See, e.g. Womack v. State*, 368 Ark. 341, 343, 245 S.W.3d 154, 155 (2006) ("The time limitations imposed in Rule 37.2(c) are jurisdictional in nature, and the circuit court may not grant relief on an untimely petition"). Thus, Petitioner's Motion requesting permission to pursue a belated Rule 37 Petition was not "properly filed" for purposes of statutory tolling.
Finally, even if Petitioner was entitled to statutory tolling for the 120-day pendency of his Motion requesting permission to pursue belated Rule 37 relief, it would make no difference in light of the decade-plus delay in this case.

considered in state court is not "properly filed" for purposes of statutory tolling under 28 U.S.C. § 2244(d)(2). *See Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)") (internal quotations and alterations omitted).

In his Reply, Petitioner contends that he is entitled to equitable tolling based on his limited access to the prison law library and his transfer among different ADC facilities. (Docket entry #11 at 3). However, the Eighth Circuit has explicitly held that a petitioner's *pro se* status, lack of legal knowledge or resources, or any confusion about the federal limitations period or state post-conviction law does not justify equitable tolling. *See, e.g.*, *Earl v. Fabian*, 556 F.3d 717, 724 (8th Cir. 2009) (no equitable tolling due to delayed receipt of case file, pro se status, lack of access to legal materials and limited time in library); *Shoemate v. Norris*, 390 F.3d 595, 597–98 (8th Cir. 2004) (no equitable tolling due to the petitioner's misunderstanding of state post-conviction procedures, pro se status, lack of legal knowledge or legal resources).

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT the Petition for a Writ of Habeas Corpus (docket entry #2) be DENIED, and this case be DISMISSED, WITH PREJUDICE. IT IS FURTHER RECOMMENDED THAT a Certificate of Appealability be DENIED pursuant to Rule 11(a) of the Rules Governing Section

2254 Cases.

Dated this 15th day of February, 2012.

_____
UNITED STATES MAGISTRATE JUDGE